UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:13-CR-18 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| LEON BENZER, et al., | |
| Defendant(s). | |

Presently before the court is the government's motion *in limine* to admit evidence of other acts by defendant David Ball (hereinafter "defendant") pursuant to Federal Rule of Evidence 404(b). (Doc. # 336). Defendant did not file a response, and the deadline to respond has now passed.

**I.   Background**

The facts of the instant case are familiar to the court. Defendant Ball and his co-defendants are accused of participating in a scheme to take over homeowners association ("HOA") boards to fraudulently obtain legal work and construction contracts. (Doc. # 336).

Defendant allegedly acted as a straw purchaser in the conspiracy. The government claims that he misrepresented his source of financing to obtain a mortgage on a condominium in one of the targeted communities. (Doc. # 336). After the condominium purchase, defendant secured a spot on the HOA board and supposedly "used his position to advance the goals of the conspiracy." (Doc. # 336).

In the instant motion, the government seeks a ruling on the admissibility of other acts evidence. In particular, the government contends that evidence of defendant's false statements in

1   a financial affidavit he filed with the court are admissible to show absence of mistake regarding
2   the alleged mortgage misrepresentations.

3   **II.     Legal Standard**

4   *A.  Motions in limine*

5   "The court must decide any preliminary question about whether . . . evidence is
6   admissible."  Fed. R. Evid. 104.  Motions *in limine* are procedural mechanisms by which the
7   court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly
8   prejudicial evidence.  *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v.*
9   *Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

10   "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the
11   practice has developed pursuant to the district court's inherent authority to manage the course of
12   trials."  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980).  Motions *in limine* may be used to
13   exclude or admit evidence in advance of trial.  *See* Fed. R. Evid. 103; *United States v. Williams*,
14   939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution
15   could admit impeachment evidence under federal rule of evidence 609).

16   Judges have broad discretion when ruling on motions *in limine*.  *See Jenkins v. Chrysler*
17   *Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922
18   (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing
19   test and we will uphold its decision absent clear abuse of discretion.").

20   "[I]n limine rulings are not binding on the trial judge [who] may always change his mind
21   during the course of a trial."  *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*,
22   469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the
23   evidence unfolds in an unanticipated manner).

24   *B.  Other acts evidence*

25   Federal Rule of Evidence 404(b)(1) states that, "[e]vidence of a crime, wrong, or other
26   act is not admissible to prove a person's character in order to show that on a particular occasion
27   the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  However, rule
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

404(b)(2) allows introduction of such evidence "for another purpose, such as proving . . . absence of mistake . . . ." Fed. R. Evid. 404(b)(2).

In the Ninth Circuit, evidence is admissible under rule 404(b) if "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Cherer*, 513 F.3d 1150, 1157 (9th Cir. 2008). The fourth prong is a prerequisite when the evidence is introduced to prove intent. *See United States v. Luna*, 21 F.3d 874, 878 n.1 (9th Cir. 1994).

Evidence passing the rule 404(b) test is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403; *United States v. Ramirez-Jimenez*, 967 F.2d 1321, 1327 (9th Cir. 1992).

**III.  Discussion**

At trial, the government will seek to introduce evidence in its case-in-chief of defendant's other acts pursuant to Federal Rule of Evidence 404(b). The act in question involved a false statement made on defendant's financial affidavit form submitted to the court in support of his request for a court-appointed attorney.

The government claims that defendant falsely represented in his affidavit that he was not employed and did not have any monthly income. (Doc. # 336). The government alleges that weekly compensation reports, personnel records, and W-2s show that defendant was employed at the time the affidavit was filed. (Doc. # 336).

The government contends that defendant earned over $28,000 from his employment in 2013. (Doc. # 336). The government also claims that defendant was receiving veteran's disability benefits of over $1,500 a month at the time the affidavit was filed. (Doc. # 336). The government therefore argues that defendant's affidavit includes "deliberate false statements." (Doc. # 336).

The government maintains that these false statements are similar to the financial misrepresentations alleged in the present case. Namely, the government accuses defendant of "falsely indicat[ing] on the mortgage loan application that the condominium would be owner-

1 occupied and that none of the down payment was borrowed . . . to obtain a fraudulent loan . . . ."
2 (Doc. # 336). Accordingly, the government argues that the evidence of defendant's other act is
3 admissible to show absence of mistake under rule 404(b).

4     First, whether defendant knew that the information included in his mortgage application
5 was incorrect is material to the pending conspiracy charge against him. In order to be found
6 guilty, the government must prove that defendant had an intent or purpose to further the
7 conspiracy, which requires some knowing conduct. *See* 18 U.S.C. § 1349; *see also United States*
8 *v. Ward*, 747 F.3d 1184, 1190 (9th Cir. 2014). As such, evidence tending to show absence of
9 mistake meets the first prong of the test.

10     Second, the proposed evidence also meets the 404(b) test for remoteness. The Ninth
11 Circuit has held that similarity outweighs remoteness, and has admitted other acts evidence from
12 over ten years prior to the instant offense. *See United States v. Hadley*, 918 F.2d 848, 851 (9th
13 Cir. 1990). Here, the false statements were made within six years of the alleged offense. Under
14 Ninth Circuit precedent, this amount of time does not preclude admissibility.

15     Third, the government alleges that personnel documents clearly negate defendant's
16 financial affidavit statements. Therefore, the government contends that the evidence is sufficient
17 to support a finding that the conduct occurred. The government's representations at this stage
18 meet this prong of the test. Pursuant to the standard above, the court may reconsider admission
19 of this evidence if supportive documents are found to be insufficient.

20     Finally, the court finds that the other acts evidence is sufficiently similar to the instant
21 allegations. As previously mentioned, defendant is charged with conspiracy. Because this crime
22 requires that defendant have some intent to further particular objectives, evidence that he was
23 aware of any false representations is relevant and admissible under rule 404(b).

24     Further, defendant has not argued that the other acts evidence at issue is unfairly
25 prejudicial under rule 403. The evidence is highly probative of defendant's absence of mistake,
26 and thus possible intent, regarding furtherance of alleged conspiracy. While this evidence may
27 disadvantage defendant at trial, its probative nature is not substantially outweighed by the danger
28 of unfair prejudice.

**James C. Mahan**
**U.S. District Judge**

Therefore, pursuant to the legal standard above, the court finds that evidence of any false statement in defendant's affidavit is admissible to prove absence of mistake under rule 404(b).

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the government's motion *in limine*, (doc. # 336), be, and the same hereby is, GRANTED.

DATED September 26, 2014.

James C. Mahan

UNITED STATES DISTRICT JUDGE